UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

BILLY HUMPHRIES, II                          CIVIL ACTION NO. 2:10-cv-1784
      LA. DOC #486251

                                     SECTION P

VERSUS

                                     JUDGE MINALDI

WARDEN TIMOTHY WILKINSON           MAGISTRATE JUDGE KAY

REPORT AND RECOMMENDATION

On November 17, 2010 *pro se* petitioner Billy Humphries, II, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana.

Petitioner attacks his 2004 conviction for simple rape and the 25 year sentence imposed by Louisiana's Thirty-Third Judicial District Court, Allen Parish.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. § 2244(d).

*Background*

Petitioner provided little in the way of factual background in his petition and did not provide a memorandum or brief in support of his claims for relief.  Nevertheless, the following chronology has been gleaned from his pleadings.

Petitioner, who was 17 years old at the time of his arrest, pled guilty to a charge of simple rape and was sentenced to serve 25 years at hard labor.  Doc. 1, p. 4.  He did not appeal.  *Id*.

Petitioner filed a *pro se* application for post-conviction relief in the Thirty-Third Judicial District Court on September 18, 2010  He also filed a *pro se* application for *habeas corpus* in that same court on September 30, 2010.  Doc. 1, p. 8-9.  The petition for *habeas corpus* was denied on the basis of improper venue on September 30, 2010.  Doc. 1, p. 13.  The application for post-conviction relief (which apparently raised claims identical to the claims raised in the *habeas* action) was denied as time-barred pursuant to La. Code Crim. Proc. art. 930.8(A) on October 19, 2010.  Doc. 1, p. 14.  Petitioner did not seek review of either judgment in the Court of Appeals or the Louisiana Supreme Court.  Doc. 1, p. 8.

He filed the instant petition on November 17, 2010.  Doc. 1.  He claims that since he was 17 years old at the time of the offense, he was entitled to have (1)  a hearing to determine whether or not he should be tried as a juvenile and not an adult, (2)  a concerned adult present during his interrogation by the police and during the seizure of DNA samples, and (3)  two court-appointed attorneys.  Doc. 1, p. 4-5.  He also claims various instances of ineffective assistance of counsel, excessiveness of sentence, failure to order a mental evaluation,; and failure to be served a copy of the arrest warrant.  *Id*.

### *Law and Analysis*

### 1.  *Timeliness under § 2244(d)(1)(A)*

Title 28 U.S.C. § 2244(d)(1)(A) was amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) to provide a one-year statute of limitations for the filing of an application for writ of *habeas corpus* by persons, such as petitioner, who are in custody pursuant to the judgment of a State court.  This limitation period generally runs from "...the date on which

the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..." 28 U.S.C. § 2244(d)(1)(A).[1]

However, the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  Any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas v. Johnson,* 184 F.3d 467 (5th Cir. 1999) (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may raise the one-year time limitation *sua sponte*.  *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

Petitioner pled guilty and was sentenced on some unspecified date in December 2004. Doc. 1, p. 1.  He did not appeal his conviction and sentence. Doc. 1, p.6-7.  For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by ... the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A), when the delays for seeking direct review lapsed. Under the provisions of La. Code Crim. Proc. art. 914, petitioner had a period of 30 days following the imposition of sentence  within which to file a Motion for Appeal or, until sometime in January 2005.[2]   Under 28 U.S.C. § 2244(d)(1) he had one year from that date, or until sometime in January 2006 to file his federal *habeas* petition.

Petitioner cannot rely upon the tolling provisions of § 2244(d)(2) because he did not file his Application for Post-Conviction Relief or his petition for habeas corpus until September or

---

[1]Nothing of record suggests that the limitations period should be reckoned as provided by 28 U.S.C. § (d)(1)(B), (C), or (D) in that petitioner has not alleged the presence of state created impediments to filing, a newly recognized Constitutional right, or recent discovery of the factual predicate of his claims.

[2]La. Code Crim. Proc. art. 914(b)(1) provides, "The motion for an appeal must be made no later than

October of 2010 and by that time more than one-year had elapsed from the date his conviction became final under the AEDPA.

As noted above, the lapse of time before the proper filing of the application for post-conviction relief must be counted against the one-year limitation period. *Villegas,* 184 F.3d 467, (citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998)).  In other words, petitioner's *habeas*, is clearly time-barred under the provisions of 28 U.S.C. § 2244(d)(1)(A).

### 2.  Equitable Tolling

The Fifth Circuit has held that the AEDPA's one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled.  *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999).  "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."  *In re Wilson*, 442 F.3d 872, 875 (5th Cir.2006).  As recently noted by the Supreme Court, "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing of record supports equitable tolling of the statute of limitations in the instant case.  The pleadings do not suggest that petitioner was actively misled by the state of Louisiana; nor does it appear that he was prevented in some extraordinary way from asserting his rights by timely filing his *habeas* claims.  Therefore, the petition is time-barred by the provisions of 28

---

[t]hirty days after the rendition of the judgment or ruling from which the appeal is taken."

U.S.C. § 2244(d)(1)(A), and equitable tolling does not apply.

Of course, this is a recommendation and not a final judgment. As shown below, petitioner will be afforded an opportunity to object to this recommendation, and, should he do so, he should provide evidence and argument to support any claim that his petition is not time-barred, or, in the alternative, that even if it is time-barred, that he should be afforded the benefits of either equitable or statutory tolling.

### *Conclusion and Recommendation*

Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DENIED AND DISMISSED WITH PREJUDICE** because petitioner's claims are barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final

order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.  **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum setting forth arguments on whether a certificate of appealability should issue.**  *See* **28 U.S.C. §2253(c)(2)**.  **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE this 27th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE